DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RICHARD EARL PETERSON, III,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2023-2754

[October 16, 2024]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Robert Meadows, Judge; L.T. Case No. 312019CF000075A.

Carey Haughwout, Public Defender, and Robert Porter, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Sorraya M. Solages-Jones, Senior Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant Richard Earl Peterson, III ("Defendant") appeals his conviction and sentence after a jury convicted him of two counts of attempted first-degree murder with a firearm.

Defendant raises four issues on appeal, three of which pertain to the State's closing rebuttal argument, the trial court's denial of Defendant's motion for judgment of acquittal, and the size of the six-member jury that convicted him. We affirm on these issues without discussion.

Regarding the fourth issue, Defendant argues, and the State concedes, the trial court improperly imposed a $200 prosecution cost and $50 investigative cost when sentencing Defendant. We agree, so we reverse and remand only for the trial court to strike and reassess these costs.

## Background

During the sentencing hearing, the State sought the "statutory cost of prosecution and cost of investigation." When the trial court asked the clerk to provide the costs, the clerk responded:

> Statutory felony court costs, the $200 cost of prosecution. There's a $100 special public defender fee, $50 public defender application fee, and $50 cost of investigation.

The trial court ordered Defendant to pay these costs. This appeal timely follows.[1]

## Analysis

### *The Trial Court Erred When it Imposed a $200 Prosecution Cost*

> As for the $200 prosecution cost, section 938.27(8), Florida Statutes (2021), provides: "Costs for the state attorney must be set in all cases at . . . no less than $100 per case when a felony offense is charged . . . . The court may set a higher amount upon a showing of sufficient proof of higher costs incurred." § 938.27(8), Fla. Stat. (2021). "The burden of demonstrating the amount of costs incurred is on the state attorney." § 938.27(4), Fla. Stat. (2021).

*Elliot v. State*, 344 So. 3d 41, 42 (Fla. 4th DCA 2022); *see also Cabrera v. State*, 375 So. 3d 924, 925 (Fla. 4th DCA 2023) (reversing and remanding $200 cost of prosecution and instructing the trial court to reduce to $100 or "impose additional costs if the State makes the request and provides sufficient proof").

We agree with Defendant and accept the State's concession. The record reflects the State sought the "statutory cost of prosecution," which the trial court clerk erroneously read as $200 for a felony offense. Accordingly, we reverse and remand for the trial court to reduce the $200 cost of prosecution to the statutory amount of $100 or "impose additional costs if the State makes the request and provides sufficient proof." *See Cabrera*, 375 So. 3d at 925.

---

[1] While the appeal was pending, Defendant moved under Florida Rule of Criminal Procedure 3.800(b)(2) for the trial court to correct the prosecution and investigative costs. The trial court failed to rule on the motion within 60 days, which constitutes a denial. *See Kee v. State*, 385 So. 3d 139, 139 (Fla. 4th DCA 2024).

*The Trial Court Erred When it Awarded a $50 Investigative Cost*

Section 938.27(1), Florida Statutes (2019), authorizes the payment of investigative costs. § 938.27(1), Fla. Stat. (2019); *see also Icon v. State*, 322 So. 3d 117, 119 (Fla. 4th DCA 2021). Competent substantial evidence must support an investigative cost award unless the defendant "affirmatively agrees to pay the requested amount." *Icon*, 322 So. 3d at 119. However, the State is "not authorized to request costs on behalf of an agency without that agency's request." *Goldsmith v. State*, 383 So. 3d 518, 524 (Fla. 4th DCA 2024); *see also Ray v. State*, 383 So. 3d 513, 516 (Fla. 4th DCA 2024) (striking $50 investigative cost because the cost was unsupported, and the State offered no evidence that the police department requested the cost).

Again, we agree with Defendant and accept the State's concession on this issue. The State merely requested the "cost of investigation" to which the trial court clerk replied, "$50 cost of investigation." But this award is not supported by competent substantial evidence because the State presented no evidence supporting this award, including a request from the applicable police department. *See Ray*, 383 So. 3d at 516. Nor is there any evidence that Defendant "affirmatively agreed" to pay the $50 investigative cost. *See Icon*, 322 So. 3d at 119. Accordingly, we reverse and remand for the trial court to strike the $50 investigative cost and reassess whether this cost is appropriate on remand. *See Ray*, 383 So. 3d at 516.

## Conclusion

We affirm Defendant's conviction and sentence, but reverse and remand for the trial court to strike and reassess the prosecution and investigative cost awards.

*Affirmed in part; reversed and remanded in part with instructions.*

DAMOORGIAN and ARTAU, JJ., concur.

*   *   *

**Not final until disposition of timely filed motion for rehearing.**

3